IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN WILKERSON,                )
                                )
    Plaintiff, pro se,          )
                                )
v.                              )    **ORDER AND**
                                )    **RECOMMENDATION**
CHAPEL HILL POLICE              )
DEPARTMENT,                     )    1:09CV60
                                )
    Defendant.                  )

This matter is before the court on a motion for dismissal by Defendant Chapel Hill Police Department (docket no. 7). Plaintiff Brian Wilkerson has responded in opposition to Defendant's motion to dismiss and Defendant has submitted a reply. In this posture, the matter is ripe for disposition. Because the parties have not consented to the jurisdiction of the magistrate judge, the court must deal with the motion by way of recommendation. For the following reasons, Plaintiff must amend (or particularize) his complaint in accordance with the directions below or suffer dismissal of this action. Specifically, Plaintiff must name a proper "person" subject to suit under section 1983. Furthermore, it will be recommended that claims against the Chapel Hill Police Department be dismissed.

**DISCUSSION**

Plaintiff has named the "Chapel Hill Police Department" as the defendant in this action. Police departments are not suable entities under 42 U.S.C. § 1983.

*See, e.g.*, *Lyons v. Edgefield County Police,* No. 8:05-2503-MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) (police department not a separate suable entity amenable to suit); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *aff'd in pertinent part, vacated in part*, 203 F.3d 821 (4th Cir. 2000) (jail not amenable to suit under section 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (jail not amenable to suit); *Waller v. Butkovich*, 584 F. Supp. 909, 925 (M.D.N.C. 1984) (police department not amenable to suit). Therefore, claims against the Chapel Hill Police Department should be dismissed.

Defendant suggests that the Town of Chapel Hill would be the proper defendant in this case (docket no. 8). Although the town could be sued, Plaintiff would have the burden of proving that the harm he suffered was caused by the officers following "an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). The official policies of the town would include the written ordinances and regulations which regulate police interactions with the public. A town custom exists "if a practice is so persistent and widespread and so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Id*. (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (internal quotations omitted).

The court cautions the Plaintiff that the statute of limitations may soon run, after which time Plaintiff would not be allowed to bring any suits based on the alleged actions. Rather than dismissing this action outright and affording Plaintiff the opportunity to file a new lawsuit, which might result in a bar because the limitations

period has run, the court will allow Plaintiff to amend his complaint to name a proper person or persons that may be sued.

**CONCLUSION**

The court will allow Plaintiff to cure the deficiencies in his complaint by naming a proper "person" as a defendant. **No later than Tuesday, June 9, 2009, Plaintiff must file his amended complaint identifying a proper defendant subject to suit under section 1983**. Plaintiff is cautioned that if he fails to comply with this Order, his complaint is subject to being dismissed for failure to state a claim.

For the reasons stated herein, it is **RECOMMENDED** that the Chapel Hill Police Department be dismissed as a Defendant.

_____
WALLACE W. DIXON
United States Magistrate Judge

May 27, 2009