# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN WILKERSON, )
)
    Plaintiff, pro se, ) **MEMORANDUM OPINION**
) **AND RECOMMENDATION**
v. )
)     1:09CV60
TOWN OF CHAPEL HILL, )
)
    Defendant. )

This matter is before the court on a motion to dismiss Plaintiff's amended complaint by Defendant Town of Chapel Hill (docket no. 17). Pro se Plaintiff Brian Wilkerson has responded in opposition to Defendant's motion to dismiss; and, in this posture, the matter is ripe for disposition. Because the parties have not consented to the jurisdiction of the magistrate judge, the court must deal with the motion by way of recommendation. For the reasons stated herein, it will be recommended that the court grant the motion to dismiss.

## I. Background and Alleged Facts

In this action arising under 42 U.S.C. § 1983, Plaintiff alleges that his civil rights were violated during a traffic stop by police officers employed by the Town of Chapel Hill on July 15, 2006.[1] Plaintiff alleges that the officers initially told Plaintiff

---

[1] Plaintiff originally filed this action in state court. The originally named Defendant, "Chapel Hill Police Department," removed the action based on federal question, as the nature of the suit is one for a violation of civil rights pursuant to 42 U.S.C. § 1983.

that they had pulled him over for a noise violation because he was playing loud music in his car. Plaintiff alleges that during the traffic stop, the officers were forceful with him and threatened to use a taser gun on him. Plaintiff alleges that the officers asked Plaintiff whether he had any drugs on him, and they then searched the car for drugs with drug-sniffing dogs from a K-9 unit. When the officers found no drugs on Plaintiff, they released him without giving him any sort of citation. Plaintiff alleges that he felt he "was a victim of a race based stop, which is a violation of my rights." (Original Compl. ¶ 19.)

Plaintiff named the "Chapel Hill Police Department" as the sole Defendant in the original complaint. On May 27, 2009, the undersigned entered an Order and Recommendation (docket no. 12), recommending that Plaintiff's complaint be dismissed as to the Chapel Hill Police Department but giving Plaintiff until June 9, 2009, to file an amended complaint against an entity capable of being sued under Section 1983. The undersigned further stated in the Order and Recommendation that in the amended complaint "Plaintiff would have the burden of proving that the harm he suffered was caused by the officers following an 'official policy or custom.'" (docket no. 12) (citations omitted).

Plaintiff filed an Amended Complaint on June 2, 2009. (docket no. 15.) Other than substituting the Town of Chapel Hill for the Chapel Hill Police Department as the sole named Defendant, the allegations in the amended complaint are the same as those in the original complaint. Defendant Town of Chapel Hill has now filed the

pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Standard of Review

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

**III. Discussion**

As noted, Plaintiff's amended complaint substituted the Town of Chapel Hill as the sole Defendant in place of the Chapel Hill Police Department. Other than this substitution, the allegations in the amended complaint are the same as those in the original complaint. As in the original complaint, the amended complaint alleges no conduct by the Town of Chapel Hill itself; rather, all of Plaintiff's allegations are directed to the conduct of the individual police officers, who are not named as Defendants in this lawsuit. As the undersigned noted in the previous Order and Recommendation, the Town of Chapel Hill cannot be held liable in this Section 1983 action unless the individual officers were acting pursuant to an official custom or policy of the Town. As with his original complaint, however, Plaintiff wholly fails to allege in the amended complaint that he suffered harm as a result of "an official policy or custom" of the Town of Chapel Hill. *See Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (noting that "it is by now well settled that a municipality is only liable under section 1983 if it causes such a deprivation through an official policy or custom"). Indeed, in his response brief, Plaintiff specifically argues that the individual officers "*did not* follow the proper procedure" and that they "acted in bad faith *by not abiding by proper standards*." (docket no. 20, p. 11 (emphases added.)) Thus, by Plaintiff's own contentions, the officers were not following "an official policy or custom" of the Town when they allegedly violated his constitutional rights.

Therefore, Plaintiff fails to state a claim under Section 1983 against Defendant Town of Chapel Hill, and this action should be dismissed.[2]

## IV. Conclusion

For the foregoing reasons, it is **RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (docket no. 17) and dismiss this action with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

September 28, 2010

---

[2] Defendant further contends that the amended complaint does not even state a valid claim for any constitutional violation against the individual police officers who instigated the traffic stop. Because the individual police officers were not named as Defendants, the court need not address this contention.